IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION



HENRY ERIC JOHNSON,

    Plaintiff,

vs.

WARDEN, Georgia State Prison; SANDRA MOORE, Deputy Warden; TOM MOORE, Unit Manager; STEVE DUPREE, Unit Manager; RICKY JOSKEY, Unit Counselor; Officer JOHNSON; Officer WATNICK; TYDUS MEADOWS, Warden, Men's State Prison; Capt. CLAY TATUM; Lt. DAVIS; Lt. RENFRO; Lt. HOOKS; Capt. WILLIAMS; Officer WOODSON; CALVIN RAMSEY, Health Service Administrator under contract of Medical College of Georgia, and INVACARE WHEELCHAIR COMPANY,

    Defendants.

CIVIL ACTION NO.: CV606-035

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Men's State Prison in Hardwick, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Plaintiff was granted leave of the Court by Order dated March 29, 2006, to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

AO 72A
(Rev. 8/82)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Johnson v. Johnson, CV495-32 (S.D. Ga. March 21, 1995) (dismissed as being frivolous); (2) Johnson v. Johnson, CV499-99 (S.D. Ga. Jan. 10, 2000) (dismissed for failing to state a claim); and (3) Johnson v. Boone, CV599-87 (M.D. Ga. Oct. 29, 2001) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent

2

danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts that he was transferred from Men's State Prison to the Special Management Unit of Georgia State Prison as a retaliatory measure due to his seeking redress from the courts. Plaintiff also asserts that disciplinary charges were filed against him, he was confined to the "hole", and he was denied certain privileges as a result. Plaintiff contends that he was made to walk across water, which caused him to fall. Plaintiff also contends that he did not receive medical treatment for the injuries he suffered. Plaintiff alleges that he suffered injuries when he was being transported to Augusta State Medical Prison in a prison van, and the driver of the van had to brake abruptly to avoid a collision. Plaintiff also alleges that officials at Men's State Prison have not properly taken care of his needs regarding his diabetes. Plaintiff further alleges that his personal property was confiscated even though he violated no rules. Plaintiff contends that he has been denied access to the law library.

At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on March 22, 2006. In addition, even if the Court found Plaintiff to be in imminent danger at the time he filed his Complaint, his claims appear to be unrelated. The Court will not allow the joinder of unrelated claims. Accordingly, the Court **VACATES** its March 29, 2006,

3

Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 17th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4